UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, TEAMSTERS LOCAL UNION NO. 357 and AIRLINE PROFESSIONALS ASSOCIATION TEAMSTER LOCAL UNION NO. 1224,<br><br>            **Plaintiffs,**<br><br>v.<br><br>REPUBLIC AIRWAYS, INC., REPUBLIC AIRWAYS HOLDINGS, INC. AND HYANNIS AIR SERVICE INC.,<br><br>            **Defendants.** | Civil Action No.: 1:23-cv-995-RLY-MG |

## CASE MANAGEMENT PLAN

Counsel for the parties met by videoconference on September 5, 2023 to discuss a proposed case management plan as well as conduct their Fed. R. Civ. P. 26(F) conference.

**I.**     **Parties and Representatives**

    A.     Plaintiffs:  International Brotherhood of Teamsters, Teamsters Local Union No. 357 and Airline Professionals Association, Teamster Local Union No. 1224

            Defendants:  Republic Airways Inc., Republic Airways Holdings Inc., and Hyannis Air Service, Inc.

    B.     Counsel:

            Plaintiffs' Counsel:

            William R. Wilder
            Wilder Law Group, PLLC
            1750 Tysons Blvd.
            Suite 1500

Tysons, VA 22102
(703) 712-4772
wwilder@wilderlg.com

Jeffrey Macey
Macey Swanson, LLP
429 N. Pennsylvania Street
Suite 204
Indianapolis, IN 46204
(317) 637-2345
jmacey@maceylaw.com

Emily K. Pantoja
International Brotherhood of Teamsters
25 Louisiana Ave NW
Washington, DC 20001
(202)-624-8710
epantoja@teamster.org

Defendants' Counsel:

Robert A. Siegel (admitted pro hac vice)
O'MELVENY & MYERS LLP
400 South Hope Street 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: rsiegel@omm.com

Aparna B. Joshi (admitted pro hac vice)
O'MELVENY & MYERS LLP
1625 I Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: ajoshi@omm.com

David J. Carr  (Atty. No. 4241-49)
Paul C. Sweeney (Atty. No. 20392-29)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, Indiana 46282-0002
Telephone: (317) 236-2100
Fax: (317) 236-2219
E-mail: david.carr@icemiller.com
E-mail:  paul.sweeney@icemiller.com

    Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

    A.    The parties shall state the basis for subject matter jurisdiction. If there is disagreement, each party shall state its position.

    Plaintiffs: This action arises under the Railway Labor Act, 45 U.S.C. §§ 151, et seq., and the Court therefore has Federal Question jurisdiction pursuant to 28 U.S.C. § 1331, as well as jurisdiction under 28 U.S.C. § 1337, over this dispute concerning contracts made under federal law affecting interstate commerce. This Court possesses jurisdiction to enforce the parties' obligations under the Railway Labor Act and to issue an order compelling Defendants to refrain from further violations of the Act; to invalidate ab initio Defendants' illegal individual employment agreements; and to order Defendants to refrain from dealing with any other person or party except the certified representative of the crafts or classes of pilots at Republic and Hyannis Air concerning the rates of pay, rules and working conditions applicable to the pilots of those airlines. This Court has pendent jurisdiction over the Fourth Claim For Relief to declare unlawful under Indiana law and enjoin the enforcement of the post-employment restrictions and liquidated damage provisions of the individual agreements.

    Defendants: Defendants contend that the Court lacks subject matter jurisdiction over any of Plaintiffs' claims in the First Amended Complaint. First, Defendants argue that Counts I through III raise minor disputes under the Railway Labor Act, 45 U.S.C. §§ 151, *et seq.*, and are therefore subject to the mandatory and exclusive jurisdiction of the applicable System Board of Adjustment ("System Board"). *See Consol. Rail Corp. v. Ry. Labor Executives' Ass'n ("Conrail")*, 491 U.S. 299, 307 (1989). Second, Defendants argue that the Court cannot exercise supplemental jurisdiction over Count IV, a state-law claim, because the Court has no original jurisdiction over Counts I through III.

    B.    Plaintiffs challenge individual employment agreements Defendants have entered with pilots represented by Plaintiffs under the Railway Labor Act. The individual agreements are not authorized by the collective bargaining agreements between Plaintiffs and Defendants. Defendants Republic Airways is also entering agreements with persons who are not its employees at the time of the agreement's execution, and are not covered by its collective bargaining agreement with IBT, but are instead employees of Hyannis Air. The Hyannis Air agreements and past practice does not permit the airline to enter agreements with pilots for new hire bonuses and it previously negotiated with Teamsters to provide bonuses to its pilots while acknowledging it had no authority to pay such bonuses absent

       agreement with IBT.  The agreements seek to impose post-employment restrictions on the affected employees that are unsupported by any valid business interest of Defendants.  The agreements also impose post-employment financial penalties on the affected employees that are unsupported by any valid business interest of Defendants. These agreements are in violation of the parties' status quo of existing rates of pay, rules and working conditions under the Railway Labor Act, seek to deny Plaintiffs' representation of the affected employees as to the terms covered by the agreements in violation of their exclusive representative status and deny the affected employees representation by IBT and rights under the collective bargaining agreements covering the affected employees, all in violation of the Railway Labor Act.  The individual agreements further violate Indiana state law by imposing post-employment restrictions and financial penalties on the affected employees that are unsupported by any valid business interest of Defendants.

C.     Defendants argue that resolution of Plaintiffs' claims under the RLA (Counts I through III) requires interpretation of the applicable collective bargaining agreements ("CBAs"), as each claim plainly implicates and is governed by the terms of the applicable CBAs, including (i) the agreement between Republic Airways Inc. ("Republic") and IBT ("Republic-IBT CBA"); and (ii) the agreement between Hyannis Air Service, Inc. ("Cape Air") and IBT ("Cape Air-IBT CBA").  Defendants argue that Republic and Cape Air's (collectively the "Carriers") actions are, at the very least, "arguably justified" by the plain language of the applicable CBAs, most notably Article 3.O. of the Republic-IBT CBA and Section 1.J of the Cape Air-IBT CBA, and therefore, Counts I through III constitute minor disputes subject to the mandatory and exclusive jurisdiction of the System Board under the RLA.  *See Conrail*, 491 U.S. 299, 307 (1989). Defendants further argue that Count IV is not properly before the Court because the Court has no original jurisdiction over Counts I through III, and therefore, cannot exercise supplemental jurisdiction over Plaintiffs' state-law claim in Count IV, as that would exceed the Court's Article III power.  Defendants also argue that Counts I through III against Republic Airways Holdings Inc. and Counts I and II against the Carriers should be dismissed in their entirety under FRCP 12(b)(6) for failure to state a claim.  First, Defendants argue that Republic Airways Holdings Inc. is not a "carrier by air," and thus, is not subject to the requirements of the RLA.  Second, Defendants argue that Plaintiffs make no factual allegations that the pre-hire employment incentives are in any way motivated by "anti-union animus" to support Count I.  Third, Defendants argue that Plaintiffs make no factual allegations that the Carriers failed to recognize and/or deal with IBT that could plausibly support Count II, and just the opposite is true based on Republic's express right to enter into these agreements under Article 3.O. of the Republic-IBT CBA, and Cape Air's similar right under Section 1.J of the Cape Air-IBT CBA.

### III. Pretrial Pleadings and Disclosures

A. Plaintiffs:  The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before October 8, 2023.

Defendants:  It is the Defendants' position that the Court should refrain from setting a case management plan until it resolves the threshold jurisdictional issue.

B. Plaintiffs:  Plaintiff(s) shall file preliminary witness and exhibit lists on or before October 15, 2023.

Defendants:  It is the Defendants' position that the Court should refrain from setting a case management plan until it resolves the threshold jurisdictional issue.

C. Plaintiffs:  Defendant(s) shall file preliminary witness and exhibit lists on or before October 22, 2023.

Defendants:  It is the Defendants' position that the Court should refrain from setting a case management plan until it resolves the threshold jurisdictional issue.

D. Plaintiffs:  All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before November 8, 2023.

Defendants:  It is the Defendants' position that the Court should refrain from setting a case management plan until it resolves the threshold jurisdictional issue.

E. Plaintiffs:  Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before November 8, 2023.  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

Defendants:  It is the Defendants' position that the Court should refrain from setting a case management plan until it resolves the threshold jurisdictional issue.

F. Plaintiffs: Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before June 8, 2024. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before [30 days after Plaintiff(s) serves its expert witness disclosure]; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before July 8, 2024.

Defendants:  It is the Defendants' position that the Court should refrain from setting a case management plan until it resolves the threshold jurisdictional issue.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before _____ [no later than 120 days prior to the proposed trial month].  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. Plaintiffs: All parties shall file and serve their final witness and exhibit lists on or before August 8, 2024.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

   Defendants:  It is the Defendants' position that the Court should refrain from setting a case management plan until it resolves the threshold jurisdictional issue.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI").  If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

   If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

   > In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable

> privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

Neither party is anticipating the production of a substantial volume of ESI.  The parties agree that the production of documents and other materials will not include metadata, unless either party expressly requests that metadata be produced for any set for discovery materials.  Further, the parties agree that in the event that a document protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

Plaintiffs:  Plaintiffs anticipate that electronic discovery will occur related to defendants communications concerning the subject of the individual agreements challenged in the litigation, both internally, with the affected employees and with third parties.  Electronic discovery will also likely relate to drafting of documents, including different versions of documents.  Finally, electronic discovery may occur related to Defendants' assertions of proprietary information provided to the affected employees, competition with other entities and their assertion of liquidated damages, as Plaintiffs anticipate documents relevant to these issues are maintained in electronic form.

Plaintiffs anticipate that discoverable documents are maintained either as Microsoft Word files, Portable Document Format files, Microsoft Excel files and Microsoft Outlook email files.  Accordingly, production in original format will not be difficult for Defendants.

Plaintiffs do not anticipate any unusual discovery issues to be addressed in this case.

Defendants:  Defendants anticipate that the traditional production of paper discovery will be had in this case regarding communications, emails, and other documents related to the pre-hire employment incentive agreements. Defendants propose the following language be included in this Section III.K:

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

 In addition, the production of privileged or work-product protected documents, ESI, or information, whether inadvertent, unintentional, or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This provision of this case management plan shall be interpreted to provide the maximum protection allowed by FRE 502(d).

**IV.**     **Discovery[1] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.     Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

---

[1]  The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

8

        Defendants: Yes.

        If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient.  Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion.  However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

D.     Defendants:  As stated above, Defendants believe that this case is properly resolved on their Motion to Dismiss Plaintiffs' First Amendment Complaint pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction as to Counts I through IV and FRCP 12(b)(6) for failure to state a claim as to Counts I through III against Republic Airways Holdings Inc. and Counts I and II against the Carriers.  Should the Court deny Defendants' Motion to Dismiss, Defendants are likely to file a motion for summary judgment on grounds similar to those stated in their Motion to Dismiss and possibly on additional grounds.

B.     On or before May 7, 2024, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.     Select the track that best suits this case:

    _____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

    __X__ Track 2: The parties agree that Track 2 best suits this case.

    Plaintiffs: [Defendants stated they anticipate case may be appropriate for dispositive motion] Dispositive motions are expected and shall be filed by [no later than 11-12 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by  April 30, 2024; expert witness discovery and discovery relating to damages shall be completed by September 8, 2024. All remaining discovery shall be completed by no later than 16 months from Anchor Date.

    Defendants:  It is the Defendants' position that the Court should refrain from

9

setting a case management plan until it resolves the threshold jurisdictional issue.

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.
[Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V.    Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.

The parties do not anticipate they would require the Court's assistance to fully address potential resolution of the dispute.

## VI.   Trial Date

The parties request a trial date in _____[month/year].  The trial is by Court and is anticipated to take three (3) days.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII.  Referral to Magistrate Judge

A.  **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.  **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.   Required Pre-Trial Preparation**

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

        6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

    B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

        2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

        3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

        4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   Other Matters

Defendants: Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint on the basis of FRCP 12(b)(1) and FRCP 12(b)(6) on August 17, 2023, and thus believe that it would be proper to delay the entry of the case management plan until the threshold jurisdictional issues raised in the Motion to Dismiss have been resolved. This would avoid burdening the parties with unnecessary discovery and other litigation obligations before it is determined if this Court has jurisdiction over this matter. In further support of their position, Defendants also intend to file a motion to stay discovery pending resolution of the Motion to Dismiss prior to the Initial Pretrial Conference scheduled for September 14, 2023.

Dated: September 7, 2023.                    Respectfully submitted,

| | |
|---|---|
| /s/William R. Wilder | /s/Robert A. Siegel |
| William R. Wilder | Robert A. Siegel |
| Wilder Law Group, PLLC | O'MELVENY & MYERS LLP |
| 1750 Tysons Blvd. | 400 South Hope Street 18th Floor |
| Suite 1500 | Los Angeles, CA 90071-2899 |
| Tysons, VA 22102 | Telephone: (213) 430-6000 |
| (703) 712-4772 | Facsimile: (213) 430-6407 |
| wwilder@wilderlg.com | Email: rsiegel@omm.com |
| | |
| /s/Jeffrey Macey | /s/Aparna B. Joshi |
| Jeffrey Macey | Aparna B. Joshi |
| Macey Swanson, LLP | O'MELVENY & MYERS LLP |
| 429 N. Pennsylvania Street | 1625 I Street, N.W. |
| Suite 204 | Washington, D.C. 20006 |
| Indianapolis, IN 46204 | Telephone: (202) 383-5300 |
| (317) 637-2345 | Facsimile: (202) 383-5414 |
| jmacey@maceylaw.com | Email: ajoshi@omm.com |
| | |
| /s/Emily K. Pantoja | /s/David J. Carr |
| Emily K. Pantoja | David J. Carr  (Atty. No. 4241-49) |
| International Brotherhood of Teamsters | Paul C. Sweeney (Atty. No. 20392-29) |
| 25 Louisiana Ave NW | ICE MILLER LLP |
| Washington, DC 20001 | One American Square, Suite 2900 |
| (202)-624-8710 | Indianapolis, Indiana 46282-0002 |
| epantoja@teamster.org | Telephone: (317) 236-2100 |
| | Fax: (317) 236-2219 |
| Counsel for Plaintiffs | E-mail: david.carr@icemiller.com |
| | E-mail:  paul.sweeney@icemiller.com |
| | |
| | Counsel for Defendants |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**